MATTHEW THOMSON, ESQ., *Will comply with LR IA 11-2 within 14 days*
ADELAIDE PAGANO, ESQ., *Will comply with LR IA 11-2 within 14 days*
LICHTEN & LISS-RIORDAN, PC
729 Boylston Street, Suite 2000
Boston, MA 02116
Telephone: (617) 994-5800
Facsimile: (617) 994-5801
mthomson@llrlaw.com
apagano@llrlaw.com

KRISTINA L. HILLMAN, ESQ., Nevada Bar No. 7752
SEAN W. McDONALD, ESQ., Nevada Bar No. 12817
WEINBERG, ROGER & ROSENFELD
 A Professional Corporation
3199 E. Warm Springs Rd, Ste 400
Las Vegas, NV 89120
P: (702) 508-9282
F: (510) 337-1023
nevadacourtnotices@unioncounsel.net
khillman@unioncounsel.net
smcdonald@unioncounsel.net

*Attorneys for Plaintiff Brittany Strauss*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BRITTANY STRAUSS, and on behalf of herself and similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>I.K.M.J. JOINT LLC d/b/a/ GIRL COLLECTON, and FLOYD MAYWEATHER,<br><br>Defendants. | CASE NO.:<br><br>CLASS AND COLLECTIVE ACTION COMPLAINT |

## **INTRODUCTION**

1. Plaintiff Brittany Strauss brings this class and collective action behalf of herself and all other exotic dancers who have worked at I.K.M.J. JOINT LLC d/b/a/ GIRL COLLECTON, ("Girl Collection"), which is, upon information and belief, owned and managed by Defendant

Floyd Mayweather. Plaintiff brings this case under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA") and Nev. Const. art. 15, § 16. Plaintiff alleges that Defendants have misclassified their exotic dancers as independent contractors rather than employees, have failed to pay them minimum wage for hours worked, and have required dancers to pay fees and tip-outs in violation of the FLSA.

**PARTIES**

2. Plaintiff Brittany Strauss is a resident of San Joaquin County, California. Strauss worked as an exotic dancer at I.K.M.J. JOINT LLC d/b/a/ GIRL COLLECTON, a business organization doing business at 2580 S Highland Dr, Las Vegas, NV 89109, from approximately 2018 to 2023.

3. Defendant I.K.M.J. JOINT LLC d/b/a/ GIRL COLLECTON is an establishment where live topless, semi-nude or partially clothed dance entertainment is presented to adult members of the general public, hereinafter referred to as "Girl Collection." Defendant Girl Collection is located at 2580 S Highland Dr, Las Vegas, NV 89109.

4. Defendant Floyd Mayweather is an owner-operator of Defendant by I.K.M.J. JOINT LLC d/b/a/ GIRL COLLECTON. He directs the operations of I.K.M.J. JOINT LLC's business and is directly involved in its employment decisions related to dancers such as Plaintiff.

**JURISDICTION AND VENUE**

5. The court has subject matter jurisdiction under 29 U.S.C. § 201 *et seq.* (Fair Labor Standards Act) and 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1367 (supplemental jurisdiction).

6. Venue is proper in the District of Nevada because the defendants are located in Clark County, in this judicial district, and because the events giving rise to the Complaint took place in Las Vegas, Nevada, in this judicial district.

**CLASS AND COLLECTIVE ACTION ALLEGATIONS**

7. Plaintiff brings this action individually and as a collective action pursuant to 29 U.S.C. § 216(b), on behalf of a collective of all individuals who worked as exotic dancers at Girl Collection at any time within the three years prior to joining this lawsuit, who were misclassified as

independent contractors and who were not paid minimum wage as required by the Fair Labor Standards Act, and were subject to unlawful kick-backs under the FLSA.

8. Plaintiff attaches as Exhibit A her Notice of Consent to Become a Party Plaintiff in a Collective Action under the Fair Labor Standards Act.

9. Defendants employ individuals engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person, as required by 29 U.S.C. §§ 206-207.

10. Defendants' annual gross volume of sales made or business done exceeds $500,000.

11. Plaintiff also brings this action individually and as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure under the Nevada state constitution, on behalf of all individuals who currently work as exotic dancers, or previously worked as exotic dancers, at Girl Collection at any time between two (2) years prior to the filing of this lawsuit and the entry of judgment in this case.

12. This action on behalf of the Rule 23 class satisfies the requirements of Fed. R. Civ. P. 23(a), as alleged in the following particulars:

    a. The proposed class is so numerous that joinder of all individual members in this action is impracticable.

    b. There are questions of law and/or fact common to the members of the proposed class regarding; (1) Defendants' conduct in classifying exotic dancers as independent contractors; (2) failing to ensure they are paid at least minimum wage for their work, and (3) effectively making illegal deductions from their wages by keeping a percentage of the dancers' tips that are paid by customers and uniformly requiring dancers to pay a portion of their tips to managers and other non-service employees.

    c. The claims of Plaintiff are typical of the claims of the proposed class and they have the same interests as the other members of the class; and

    d. Plaintiff will fairly and adequately protect the interests of the class as she has retained able counsel experienced in class action litigation, and her interests are

coincident with, and not antagonistic to, the interests of the other class members.

13. In addition, this action satisfies the requirements of Fed. R. Civ. P. 23(b), because the questions of law and/or fact common to the members of the proposed class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy because joinder of all class members is impractical. The class is readily definable and prosecution of this action as a class action will eliminate the possibility of repetitive litigation. There will be no difficulty in the management of this action as a class action.

## **FACTUAL ALLEGATIONS**

14. Plaintiff and other exotic dancers who worked at Girl Collection performed dances on stage, private dances, and VIP room or "den lounge" dances for Defendants' customers. Specifically, dancers may receive tips while dancing on stage as part of a mandatory stage rotation. They may also receive tips while performing private dances customers, alone or alongside other dancers. These tips are typically paid in the form of "bag money", in which customers pay the club for a bag of $1 bills, which they give to the dancer(s) while they perform their private dance(s). Dancers may also receive tips for private dances performed for customers in the "dim lounge" or VIP Room.

15. Defendants have misclassified their exotic dancers as independent contractors, when in reality they are employees.

16. Defendants have exercised extensive control over the manner in which its exotic dancers perform their jobs and conduct themselves while on the club's premises, including how much they can receive for private dances and VIP sessions, how they dress and perform on stage, and other rules. For instance, Defendants prohibit dancers from straddling customers during a lap dance and require that they keep one foot on the floor at all times during lap dances. Likewise, Defendants require that dancers participate in a stage rotation, which requires them to dance on stage frequently throughout their shifts and require that dancers remove their top by the second song on stage. Defendants also control the dress code; dancers are not permitted to wear pasties while working at the club and must wear two pairs of underwear at all times. Dancers are not

permitted to chew gum on the premises and cannot smoke, eat, or use their cell phones on the main floor around customers.

17. Defendants communicated these rules and requirements to dancers by posting signs at Girl Collection and communicating with dancers extensively through group chats and group messaging platforms to discuss the Club's requirements. Specifically, Defendant Mayweather has directed Plaintiff and other dancers regarding how to perform their jobs, both via group chats and in person. Defendant Mayweather is frequently at the club, directing Plaintiff's work, and even when he is not present, he is in close communication with managers at the club. Defendant Mayweather decides when dancers can leave for the night, and he often decides how much of dancers' tips will be retained by the club for a given shift.

18. Dancers have no control over the customer volume, advertising, or atmosphere at the club, which is controlled entirely by Defendants.

19. Defendants retain the power to hire and fire the exotic dancers and have disciplined or threatened to discipline dancers who do not comply with Defendants' requirements or who break the rules.

20. At all relevant times, Girl Collection dancers have not held themselves out to be in business for themselves. Instead, the dancers are economically dependent on their relationship with Defendants for a substantial portion of their earnings.

21. In addition, Girl Collection is in the business of providing adult entertainment to its patrons. Thus, the dancers clearly perform services in the usual course of Defendant's business, and without the dancers, Girl Collection would have no business, such that the dancers' work is integral to Defendant's business.

22. At all times relevant to this Complaint, Defendants have treated Plaintiff and other dancers in a substantially similar manner with respect to their policies and practices.

23. At all relevant times, the federal minimum wage has been $7.25 per hour.

24. The upper-tier minimum wage in Nevada has been between $8.25 and $10.50 during the relevant time period.

25. Defendants did not pay the exotic dancers who have worked at Girl Collection the

minimum wages required by state and federal law (or any wages).

26. Instead, the exotic dancers who have worked at Girl Collection receive compensation only in the form of gratuities from patrons, paid for dancing on stage, performing private dances, or dancing in the VIP Room or "den lounge", and only in the amounts that Defendants unilaterally determine. Indeed, Defendants collect and record all cash tips paid to Plaintiff and other exotic dancers, including tips paid while they are dancing on stage and "bag money" that is paid while they are performing private dances for customers. Defendants disburse only a portion of those cash tips to the dancers. In some cases, Defendants keep Plaintiff's tips overnight and require that they return to collect them the next day or forfeit them entirely to the club. Plaintiff and other dancers have been required to share a portion of all of their tips with the club.

27. In order to perform their job, the dancers have been required to pay "house fees" to Defendants in an amount between $100 and $200 for every shift, depending on what time they arrive. Defendants unilaterally determines how much Plaintiff and other dancers must pay in order to work, and they must pay their fees when they clock in at the start of each shift.

28. Plaintiff and other dancers have also been required to share their tips with managers and non-service employees or agents of Defendants, such as "house moms" and disc jockeys. Plaintiff and other dancers must pay $40 at the end of each shift to these individuals from their tips before they are permitted to leave at the end of their shift.

## **CLAIMS FOR RELIEF**

### **Count I:  Minimum Wage under the FLSA**

29. Plaintiff incorporates by reference the previous paragraphs of the Complaint.

30. Pursuant to 29 U.S.C. § 206, an employer must pay employees at least the minimum wage for all hours worked.

31. The Defendants failed to pay Plaintiff and collective action members the minimum wage as required by 29 U.S.C. § 206. Further, Defendants are not permitted to take the tip credit against the minimum wage (and thus pay the reduced hourly rate for tipped employees of $2.13 per hour) because they did not provide the required notice to the dancers in order to take the tip credit

1 and because the dancers have not been allowed to retain all tips they have received, but instead
2 have been required to share their tips with management and with other employees or agents of
3 Defendants who are not among employees who customarily and regularly receive tips, and not
4 pursuant to a valid tip pooling or sharing arrangement under applicable law.

5       32.    Defendants' misclassification of dancers as independent contractors when they were
6 really employees was knowing, willful, and intentional. Defendants knew or should have known
7 that Plaintiff and the other dancers, performing the same job functions, were being improperly
8 misclassified as independent contractors given the wealth of case law that has concluded that
9 similarly situated exotic dancers are employees of the clubs for which they work.

10       33.    Plaintiff and the members of the proposed collective are also entitled to liquidated
11 damages equal to the amount of unpaid minimum wages due to them under the FLSA, pursuant to
12 the FLSA, 29 U.S.C. § 216(b).

**Count II: Unlawful Retention of Tips and Kickbacks under the FLSA**

14       34.    Plaintiff incorporates by reference the previous paragraphs of the Complaint.

15       35.    29 U.S.C. § 203(m)(2) provides that "[a]n employer may not keep tips received by
16 its employees for any purposes, including allowing managers or supervisors to keep any portion of
17 employees' tips, regardless of whether or not the employer takes a tip credit."

18       36.    The house fees and mandatory tip-outs that Defendants required from Plaintiff and
19 the members of the collective constitute unlawful "kick-backs" to an employer under the FLSA and
20 violated Plaintiff's and collective action members' rights to retain all of their tips, 29 U.S.C. §
21 203(m).

22       37.    The unlawful kickbacks and unlawfully withheld tips required by Defendants were
23 obtained knowingly, willfully, intentionally, or in bad faith.

24       38.    Plaintiff and the members of the collective are entitled to an award of back pay for
25 all unlawful kickbacks and all amounts of tips withheld by Defendants.

**Count III: Failure to Pay Minimum Wage Required by the Nevada Constitution**

27       39.    Plaintiff incorporates by reference the previous paragraphs of the Complaint.

28       40.    Pursuant to Nev. Const. art. 15, § 16, an employer "shall pay a wage to each

-7-
CLASS AND COLLECTIVE ACTION COMPLAINT

employee of not less than the hourly rates" required by state law.

41. Defendants failed to pay Plaintiff and Class Members the State minimum wage during the statutory period because they did not pay Plaintiff any wages at all.

42. Plaintiff and Class Members are owed the upper-tier minimum wage for all hours worked because Defendants did not provide them with qualifying health insurance benefits.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following:

a. An order authorizing the sending of appropriate notice to current and former exotic dancers of Defendants who are potential members of the collective action under the Fair Labor Standards Act, giving them the opportunity to opt-in to this action;

b. A declaratory judgment that Defendants have willfully and in bad faith violated the minimum wage provisions of the FLSA, and has deprived Plaintiff and the members of the collective of their rights to such compensation;

c. A declaratory judgment that the Plaintiff and collective/class members are employees, not independent contractors under the FLSA;

d. Certification of a class pursuant to Fed. R. Civ. P. 23;

e. An order requiring Defendants to provide a complete and accurate accounting of all the wages to which Plaintiff and members of the class are entitled;

f. An award of monetary damages to Plaintiff and members of the collective in the form of back pay for unpaid minimum wages, together with liquidated damages in an equal amount under the FLSA;

g. An award of monetary damages to Plaintiff and members of the class in the form of back pay and damages under Nev. Const. art. XV, § 16;

h. Attorneys' fees and costs;

i. An award of prejudgment interest, if available; and

/ / /

/ / /

1  j. Such further relief as the Court deems just and proper.

Date: March 23, 2023      Respectfully submitted,

*/s/ Sean W. McDonald*

KRISTINA L. HILLMAN, ESQ., Nevada Bar No. 7752
SEAN W. McDONALD, ESQ., Nevada Bar No. 12817
WEINBERG, ROGER & ROSENFELD
A Professional Corporation
3199 E. Warm Springs Rd, Ste 400
Las Vegas, NV 89120
P: (702) 508-9282
F: (510) 337-1023
Email:  nevadacourtnotices@unioncounsel.net
   khillman@unioncounsel.net
   smcdonald@unioncounsel.net

Matthew Thomson,
*Will comply with LR IA 11-2 within 14 days*
Adelaide H. Pagano,
*Will comply with LR IA 11-2 within 14 days*
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800
Email:  mthomson@llrlaw.com
   apagano@llrlaw.com

Attorneys for Plaintiff
and the Proposed Class and Collective

155923\1350208