UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BRITTANY STRAUSS, *et al.*, | Case No. 2:23-cv-00439-MMD-EJY |
| Plaintiffs, | ORDER |
| v. | |
| I.K.M.J. JOINT LLC d/b/a GIRL COLLECTION, *et al.*, | |
| Defendants. | |

**I.   SUMMARY**

Plaintiffs Brittany Strauss and Jasmine Woodward sues Defendants I.K.M.J. Joint LLC d/b/a Girl Collection ("Girl Collection") and Floyd Mayweather (collectively, "Defendants") to recover unpaid wages for their previous work as exotic dancers. (ECF No. 13 ("FAC").) Before the Court is Girl Collection's motion to remand (ECF No. 19 ("Motion")).[1] As further explained below, the Court denies the Motion.

**II.  BACKGROUND**

The following allegations are adapted from the FAC (ECF No. 13).

Plaintiffs worked for several years as exotic dancers at Girl Collection,[2] an adult dance entertainment venue, in Las Vegas, Nevada. (*Id.* at 2.) While working for Girl Collection, Defendants did not pay Plaintiffs or other dancers the minimum wages

---

[1]Plaintiffs responded (ECF No. 20), and Defendants replied (ECF No. 21). Moreover, the Court grants Defendant Floyd Mayweather's motion to join in Girl Collection's motion to remand (ECF No. 26). *See Vazquez v. Central States Joint Bd.*, 547 F. Supp. 2d 833, 867 (N.D. Ill. 2008) ("It is permissible for a party to adopt the motion of another party when the facts between the parties are essentially the same and the adoption would promote judicial efficiency.") (internal citations omitted).

[2]As alleged in the FAC, Defendant Mayweather is an owner-operator of Girl Collection, where he "directs the operations of [the] business and is directly involved in its employment decisions related to dancers such as Plaintiffs." (ECF No. 13 at 2.)

required under federal and state laws. (*Id.* at 6.) Because Defendants classify their dancers as independent contractors rather than employees, Plaintiffs instead "receive[d] compensation only in the form of gratuities from patrons . . . and only in the amounts that Defendants unilaterally determine[d]." (*Id.* at 2, 6.) "Plaintiffs and other dancers have been required to share a portion of all of their tips with the club" as well as managers and other employees, such as "house moms" and disc jockeys. (*Id.* at 6.) Additionally, Plaintiffs must pay Defendants "house fees," which total "between $100 and $200 for every shift, depending on what time they arrive." (*Id.*)

In the FAC, Plaintiffs allege in pertinent part that Defendants have misclassified exotic dancers as independent contractors and violated the Fair Labor Standards Act ("FLSA") and Nevada law by failing to pay them minimum wage and by retaining portions of their tips. Plaintiffs bring these claims individually, as a putative collective action under the FLSA, and as a putative class action under Nevada law. In their individual capacities, Plaintiffs also allege that Defendants retaliated against them for their participation in this lawsuit, in violation of both the FLSA and Nevada law. (*Id.* at 7-10.)

### III. DISCUSSION

#### A. Motion to Remand

Girl Collection titles its Motion as a "motion to remand to state court" and "requests that this matter be remanded to the Nevada State Court" as contractually required. (ECF No. 19 at 1, 3, 6.) However, as Plaintiffs point out, it is unclear whether Girl Collection seeks a remedy of remand or transfer through its Motion. (ECF No. 20 at 2, 6-7.) Girl Collection in gist wants to litigate this action in the Eighth Judicial District Court in and for the County of Clark ("State Court"), citing a forum-selection clause within the independent contractor agreements ("ICA") signed by Plaintiffs. (ECF No. 19 at 5-6.)

In any event, the Court denies the Motion to the extent Girl Collection seeks remand to state court. This case did not originate in State Court and was never removed to this Court. Remand is not an available remedy here because there is nowhere to "send back" this case. *See* 28 U.S.C. § 1447(a); *see also Wittner v. Banner Health*, 720 F.3d

770, 781 (10th Cir. 2013) ("[B]ecause this action was never filed in state court and removed to federal court, it cannot be 'remanded'—only cases that have been removed from a given court can be remanded to that court.").

**B.    Transfer under 28 U.S.C. § 1404(a)**

Girl Collection also appears to seek transfer of this case under 28 U.S.C. § 1404(a)—a remedy that, they argue, the ICA forum-selection clause requires. (ECF No. 19 at 4-6.) Plaintiffs argue that transfer is not appropriate here because Section 1404(a) "applies only to a transfer between two federal courts, not from federal court to state court." (ECF No. 20 at 6 n.5.) The Court agrees with Plaintiffs.

Section 1404(a) "provides a mechanism for enforcement of forum-selection clauses that point to a particular *federal* district." *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 59 (2013) (emphasis added). On the other hand, "the appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*." *Id.* at 60 ("Section 1404(a) is merely a codification of the doctrine of *forum non conveniens* for the subset of cases in which the transferee forum is within the federal court system; in such cases, Congress has replaced the traditional remedy of outright dismissal with transfer.") (internal citations omitted); *see also Sinochem Int'l Co. Ltd. v. Malay. Int'l Shipping Co.*, 549 U.S. 422, 430 (2007) (recognizing in pertinent part that the *forum non conveniens* doctrine applies "perhaps in rare instances where a state or territorial court serves litigational convenience best") (internal citation omitted). Accordingly, the Court denies the Motion to the extent Girl Collection seeks transfer of this action to State Court under 28 U.S.C. § 1404(a).

**C.    New Arguments Raised in Girl Collection's Reply Brief**

After Plaintiffs note Girl Collection's procedural errors, Girl Collection replies by arguing that instead of remand or transfer, it seeks dismissal of this action on *forum non conveniens* grounds. (ECF No. 21 at 3-4.)

The Court, however, will disregard Girl Collection's reply brief arguments to the extent it urges dismissal on *forum non conveniens* grounds—in line with the Ninth Circuit's

"general rule" that parties "cannot raise a new issue for the first time in their reply briefs." *Eberle v. City of Anaheim*, 901 F.2d 814, 818 (9th Cir. 1990) (internal citation and quotation marks omitted); *Pacquiao v. Mayweather*, Case No. 2:09-cv-2448-LRH-RJJ, 2010 WL 3271961, at *1 (D. Nev. Aug. 13, 2010) ("[T]o the extent that a party raises a new argument or proffers new evidence and information in a reply brief, that argument or evidence is improper because the opposing party is deprived of an opportunity to respond.") (citing *Tovar v. U.S. Postal Serv.*, 3 F.3d 1271, 1273 n.3 (9th Cir. 1993)). The Court therefore disregards sections II and III of Girl Collection's reply brief. (ECF No. 21 at 3-9.)

In sum, the Court denies Girl Collection's Motion to the extent that it (1) seeks to remand this case to State Court and (2) seeks to transfer this case to State Court under 28 U.S.C. § 1404(a). Additionally, the Court will disregard Girl Collection's *forum non conveniens* dismissal arguments—a wholly new issue raised in its reply brief.

## IV. CONCLUSION

The Court notes that the parties made several arguments and cited several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motion before the Court.

It is therefore ordered that Defendant Floyd Mayweather's motion to join in Defendant I.K.M.J. Joint LLC d/b/a Girl Collection's motion to remand (ECF No. 26) is granted.

It is further ordered that Defendant I.K.M.J. Joint LLC d/b/a Girl Collection's motion to remand (ECF No. 19) is denied.

DATED THIS 4th Day of August 2023.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE