UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BRITTANY STRAUSS, et al., | Case No. 2:23-cv-00439-MMD-EJY |
| Plaintiffs, | ORDER |
| v. | |
| I.K.M.J. JOINT LLC d/b/a GIRL COLLECTION, *et al.*, | |
| Defendants. | |

**I.    SUMMARY**

Plaintiffs Brittany Strauss and Jasmine Woodward have filed suit against Defendants I.K.M.J. Joint LLC ("Girl Collection") and Floyd Mayweather to recover unpaid wages for their work as exotic dancers. (ECF No. 13 ("Complaint").) Before the Court are Girl Collection's motion for summary judgment based on *forum non conveniens* (ECF No. 32 ("Motion"))[1] and Plaintiffs' motion for conditional certification of a class (ECF No. 41 ("Motion for Class Certification")). For the following reasons, the Court will grant the Motion as to Plaintiffs' wage and retaliation claims, decline to exercise jurisdiction over the remaining state law claims, and deny the Motion for Class Certification as moot.

**II.    BACKGROUND**

The following facts are undisputed unless otherwise noted.

Plaintiffs are former "independent contractors" for Girl Collection. (ECF Nos. 32-1 at 2; 36 at 3.) Plaintiffs and Girl Collection entered into employment contracts

---

[1]Defendant Mayweather joined the Motion. (ECF No. 37.) The Court has reviewed the parties' responses, replies, and supplemental briefs. (ECF Nos. 36, 42, 70, 71.)

("Agreements") which contained the following clause ("Forum Selection Clause"). (ECF Nos 32-1 at 2; 36 at 8.)

> APPLICABLE LAW. This Agreement shall be governed by the laws of the State of Nevada. Any and all disputes will be heard in the 8th District Court, Clark County, Nevada.

(ECF No. 19-1 at 4.)

Girl Collection is a Las Vegas, Nevada, "establishment where live topless, semi-nude or partially clothed dance entertainment" is presented to adult patrons. (ECF Nos. 13 at 2; 28 at 4.) Mayweather is an owner-operator of Girl Collection. (ECF Nos. 13 at 2; 28 at 4 (failing to respond to this allegation); 70 at 2 (disputing this allegation).) He directs the operations of Girl Collection's business and is directly involved in its employment decisions related to dancers such as Plaintiffs. (ECF No. 13 at 2.)

In March 2023, Strauss first brought this suit alleging that Defendants had failed to pay Plaintiffs and putative class members a minimum wage under the Federal Labor Standards Act ("FLSA") and Nevada law and unlawfully retained Plaintiffs' tips and kickbacks under FLSA. (ECF No. 1.) Since then, Straus has amended her complaint to include Woodward as a plaintiff and to bring unlawful retaliation, assault and battery, intentional infliction of emotional distress, and unjust enrichment claims against Defendants. (ECF No. 13.) Defendants filed motions to remand this action to state court under the Forum Selection Clause (ECF Nos. 19, 26), which the Court denied because remand and transfer under 28 U.S.C. § 1404(a) were not available remedies (ECF No. 29). Defendants now seek to send this action to state court again, this time through the doctrine of *forum non conveniens*. (ECF No. 32.)

**III. DISCUSSION**

Defendants move for summary judgment based on improper venue. They argue that the Forum Selection Clause demands that all claims in this case be heard in the Eighth Judicial District of and for Clark County, Nevada. Plaintiffs counter that Defendants have waived their *forum non conveniens challenge* and that the Forum Selection Clause does not extend to their claims or to Mayweather. The Court largely

agrees with Defendants and dismisses this suit under the doctrine of *forum non conveniens*.

### A.  Waiver of *Forum Non Conveniens* Challenge

Plaintiffs first argue that Defendants have waived their right to move for dismissal by failing to properly raise *forum non conveniens* as a defense in earlier filings. (ECF No. 36 at 7-8.) *See Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 60-61 (2013) (holding that the doctrine of *forum non conveniens* is the proper means for enforcing a forum selection clause pointing to a state forum). But a motion to dismiss based upon *forum non conveniens* can "technically be made at any time" because "there is no risk of waiver by delay as there is with improper venue." Convenience Transfers (28 USC § 1404(a)), *in* RUTTER GROUP PRACTICE GUIDE: FEDERAL CIVIL PROCEDURE BEFORE TRIAL (2024) (referencing transfer to another federal court); *accord* 14D CHARLES ALAN WRIGHT, & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3828 (4th ed.) ("[T]here generally is no time limit on when a motion to dismiss for forum non conveniens must be made."); *Rui Chen v. Premier Fin. All., Inc.*, No. 18-CV-3771 YGR, 2019 WL 6911263, at *1 n.2 (N.D. Cal. Dec. 19, 2019).

"Moreover, waiver of a forum selection clause will only be found where there is clear, decisive, and unequivocal conduct manifesting such an intent." *Centro Veterinario y Agricola Limitada v. Aquatic Life Scis., Inc.*, No. 2:23-CV-00693-LK, 2023 WL 4052234, at *5 (W.D. Wash. June 16, 2023) (quotation marks and brackets omitted). Plaintiffs "bear[] the burden of proving a waiver and must do so by clear and convincing evidence." *Id.* (quotation marks omitted). The record does not contain such evidence of Defendants' intent to waive the Forum Selection Clause. Within two months of the filing of the Complaint and one month of being served, Defendants unsuccessfully attempted to enforce the forum selection clause via a motion to remand. (ECF Nos. 19, 29.) Defendants then filed their Motion seeking dismissal based upon *forum non conveniens* five weeks after the Court denied their motion to remand. (ECF No. 32.) No other motions on the merits have yet been filed or resolved, leaving the Court unconcerned

that Defendants are seeking a "second bite at the apple" regarding the merits of this case. (ECF No. 36 at 6.) *Cf. Se. Power Grp., Inc. v. Vision 33, Inc.*, 855 Fed. App'x 531, 534-39 (11th Cir. May 6, 2021) (finding waiver of forum selection clause where a party had filed discovery requests and a motion to dismiss on the merits).

Defendants have not waived their right to enforce the Forum Selection Clause.

### B. Scope of the Forum Selection Clause

As the *forum non conveniens* challenge arising from the Forum Selection Clause has not been waived, the Court will now turn to whether the Forum Selection Clause encompasses Plaintiffs' claims. None of Plaintiffs' claims arise under the Agreements themselves; however, "in some circumstances, a contractual forum selection clause may also apply to related non-contract claims." *Petersen v. Boeing Co.*, 715 F.3d 276, 283 n.7 (9th Cir.2013). The Court will apply federal law in interpreting the scope of the Forum Selection Clause and its application to the non-contractual claims at hand. *See Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 513 (9th Cir. 1988); *accord Sun v. Advanced China Healthcare, Inc.*, 901 F.3d 1081, 1086 (9th Cir. 2018), *holding modified on other grounds by Lee v. Fisher*, 70 F.4th 1129 (9th Cir. 2023).

#### 1. Wage Claims

Whether FLSA and state wage claims are governed by an agreement's forum selection turns on the breadth of the language in the forum selection clause at issue. *See LaCross v. Knight Transp., Inc.*, 95 F. Supp. 3d 1199, 1207 (C.D. Cal. 2015). For example, forum selection clauses containing the phrases "arising under," "arising out of," and "arising hereunder" cover only those disputes "relating to the interpretation and performance of the contract itself." *Cape Flattery Ltd. v. Titan Mar., LLC*, 647 F.3d 914, 922 (9th Cir. 2011). "By contrast, forum-selection clauses covering disputes 'relating to' a particular agreement apply to any disputes that reference the agreement or have some 'logical or causal connection' to the agreement," and thus have been found to encompass labor law claims when included in an employment contract. *Sun*, 901 F.3d at 1086; *see, e.g.*, *LaCross*, 95 F. Supp. 3d at 1207; *Robles v. Comtrak Logistics, Inc.*,

4

No. 2:13-CV-00161-JAM-AC, 2015 WL 1530510, at *4 (E.D. Cal. Apr. 3, 2015); *Rahimi v. Mid Atl. Pros., Inc.*, No. 3:18-CV-00278-CAB-KSC, 2018 WL 3207383, at *4 (S.D. Cal. June 29, 2018).

The phrasing in the Forum Selection Clause here is even broader, stating that that it encompasses "[a]ny and all disputes" without qualifying language like 'arising under' or 'relating to.' (ECF No. 19-1 at 4.) Such broad language at minimum includes all suits 'relating to' the Agreements. *See Rahimi*, 2018 WL 3207383, at *4 ("Unless the language of the contract states otherwise, a forum-selection clause will apply to claims that arise from, implicate or relate to the contract containing the clause."). The Agreements govern the working relationships between the parties, and thus Plaintiffs' FLSA and state wage claims relate to the Agreements, as "[i]t is the precise nature of that relationship that is at issue in this matter." *Robles*, 2015 WL 1530510, at *4 (misclassification of workers as independent contractors related to their employment contract); *accord LaCross*, 95 F. Supp. 3d at 1207 (same); *Rahimi*, 2018 WL 3207383, at *4 (FLSA unpaid wage claims concerned employment relationship). The plain language of the Forum Selection Clause covers Plaintiffs' wage claims.

Plaintiffs counter that the Forum Selection Clause, while broad, should not be interpreted in isolation because the preceding choice-of-law clause limits its scope to "disputes regarding interpretation of the contract." (ECF No. 36 at 8.) But the cases they cite to support this reading did not actually reach the conclusion that Plaintiffs advance. See *Forrest v. Verizon Commc'ns, Inc.*, No. 00405-01, 2001 WL 35820153 (D.C. Super. Aug. 22, 2001), *aff'd*, 805 A.2d 1007 (D.C. 2002) (declining to determine the full scope of the forum selection clause where the plaintiff bought a breach of contract claim); *Minghong Inv., Inc. v. Chuo*, No. 2:21-CV-05979-SB-PD, 2022 WL 2189365, at *3 (C.D. Cal. Mar. 9, 2022) (same). The Court's conclusion that the Forum Selection Clause encompasses Plaintiffs' wage and hour claims therefore remains unaffected by the choice-of-law provision.

/ / /

5

### 2. Retaliation Claims

Though more distantly related to the Agreements than their wage claims, Plaintiffs' retaliation claims similarly arise out of the employment relationship created by the Agreements. *See Morris v. Pac. Dental Servs. LLC*, No. CV-22-00370-TUC-JGZ, 2023 WL 4826142, at *5 (D. Ariz. July 27, 2023); *Sheasly v. Orr Felt Co.*, No. 10-CV-956-PK, 2010 WL 4961807, at *5 (D. Or. Dec. 1, 2010). The Agreements govern the status of Plaintiffs' employment with Defendant, the circumstances under which Defendants may terminate Plaintiffs, and Plaintiffs' compensation. (ECF No. 32-1 at 4-5.) Plaintiffs do not assert that Defendants breached these particular contractual provisions, but their retaliation claims are connected to them, as two alleged means by which Defendants retaliated against Plaintiffs were termination and the willful withholding of pay. (ECF No. 13 at 9.) *See Sheasly*, 2010 WL 4961807, at *5. Given this relationship between Plaintiffs' claims and the Agreements, the broad language of the Forum Selection Clause, and the "strong judicial preference to enforce a contractual venue," the Court concludes that Plaintiffs' retaliation claims are covered by the Forum Selection Clause. *Cung Le v. Zuffa, LLC*, 108 F. Supp. 3d 768, 777 (N.D. Cal. 2015); *cf. In re Orange, S.A.*, 818 F.3d 956, 962-63 (9th Cir. 2016) (finding that a district court did not err in holding claims that "bore no relation" to an agreement were not covered by its 'relating to' forum selection clause); *Lambert v. Tech. Res. Sols., Inc.*, No. LACV 18-1114-VAP (RAOX), 2018 WL 5919211, at *4 (C.D. Cal. Aug. 22, 2018) (retaliation claims did not 'relate to' an employment contract).

### C. Applicability of Forum Selection Clause to Mayweather

Mayweather is not a signatory to the Agreements but still urges the Court to find that the Forum Selection Clause extends to Plaintiffs' claims against him. "The general rule is that a forum-selection clause may be enforced only by and against the parties to the underlying contract because ordinarily, a provision in a contract may not be invoked by one who is not a party to the agreement." *Aimone v. Investorflow LLC*, No. 23-CV-00118-DMR, 2023 WL 3483287, at *4 (N.D. Cal. May 15, 2023) (brackets and quotation

marks omitted). However, the Ninth Circuit has held that "a range of transaction participants, parties and non-parties, should benefit from and be subject to forum selection clauses." *Manetti-Farrow*, 858 F.2d at 514 n.5. A forum selection clause may apply to non-signatory defendants where their alleged conduct is sufficiently "closely related to the contractual relationship." *Id.* at 514 & n.5; *see also Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 456 (9th Cir. 2007); *AMA Multimedia, LLC v. Sagan Ltd.*, 807 F. App'x 677, 679 (9th Cir. 2020).

Plaintiffs allege that Mayweather, as an owner-operator of Girl Collection,[2] runs the operations of Girl Collection's business and is directly involved in employment decisions related to dancers like themselves. (ECF No. 13 at 2.) Mayweather's alleged involvement in creating and executing the terms of Plaintiffs' employment with Girl Collection formed the basis of Plaintiffs' wage claims against him. (*Id.* at 7-9.) *See Manetti-Farrow*, 858 F.2d at 511. The same is true for Mayweather's alleged involvement in any retaliatory acts taken against Plaintiffs. (ECF No. 13 at 9-10.) Plaintiffs' own allegations establish that their relationship with Mayweather "arose out of and was intimately related to [their] relationship with" Girl Collection. *Holland Am. Line*, 485 F.3d at 456 n.2. As a result, Mayweather's alleged conduct is "so closely related" to Plaintiffs' contractual relationship with Girl Collection that the Forum Selection Clause applies to him. *Manetti-Farrow*, 858 F.2d at 514 n.5.

The Motion is granted as to Plaintiffs' state and federal wage and retaliation claims against both Defendants.

**D. Nevada Tort Claims**

Plaintiffs have also raised state law claims for assault and battery, intentional infliction of emotional distress, and unjust enrichment. Having dismissed Plaintiffs' FLSA and federal retaliation claims, the Court no longer has original jurisdiction over any claim and declines to exercise supplemental jurisdiction over the remaining Nevada law

---

[2]Mayweather disputes the allegation that he is an owner-operator of Girl Collection. (ECF No. 70 at 2.)

claims. *See* 28 U.S.C. § 1367(c)(3) ("[D]istrict courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction."). Plaintiffs' remaining state law claims are dismissed.

### IV.   CONCLUSION

The Court notes that the parties made several arguments and cited several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions.

It is therefore ordered that Defendants' motion for summary judgment based on *forum non conveniens* (ECF No. 32) is granted as to Plaintiff's wage and retaliation claims. The Court declines to adjudicate the motion as it relates to the assault and battery, intentional infliction of emotional distress, and unjust enrichment claims because the Court declines to exercise supplemental jurisdiction over these claims.

It is further ordered that Plaintiffs' claims are dismissed without prejudice.

It is further ordered that Plaintiffs' motion for conditional class certification (ECF No. 41) is denied as moot.

The Clerk of Court is directed to enter judgment accordingly and close this case.

DATED THIS 15th Day of August 2024.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE